**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

MICHAEL LA CROIX,                                  :
                                                   :
     Plaintiff,                                   :
                                                   :
vs.                                                :     1:04-CV-1-1 (WLS)
                                                   :
SPEARS MATTRESS CO., ET. AL.,                      :
                                                   :
     Defendants.                                  :

## ORDER

Presently pending before the Court is Defendant Spears Mattress Company, Inc.'s (hereinafter "Spears") and Plaintiff's motions *in limine* (Tab 58, 101) and Plaintiff's motion for a protective order. (Tab 96). For the following reasons, Plaintiff's motion for a protective order is (Tab 96) **DENIED consistent with this order and the oral rulings made at the hearing** and Spears' and Plaintiff's motions *in limine* (Tab 58, 101) are **GRANTED-IN-PART and DENIED-IN-PART consistent with this order and the oral rulings made at the hearing.**

A pre-trial conference was held on July 18, 2005, and the Court held a hearing on the above-referenced motions. It appears that Defendant's desire to depose certain witness because of unavailability while seeming to violate the spirit of the discovery/scheduling order does not violate the Federal Rules. Defendant has asserted that said witnesses will be unavailable for trial and has been ordered to amend the deposition notices in writing to so reflect the witnesses' unavailability. Defendant will be held, at trial, to that assertion. Therefore, Plaintiff's motion for a protective order (Tab 96) is **DENIED.**

Also, pending is Defendant's motion *in limine*. (Tab 101). Plaintiff has withdrawn any claim of hedonic damages which were the subject of the first part of the motion. As to Defendant's objections to the economic and public transportation testimony of Plaintiff's

1

expert, Walter Afield, M.D., Plaintiff shall not reference such testimony in front of the jury until an adequate foundation has been laid and ruled upon by the Court. As for Plaintiff's expert on damages, Dr. Albrecht, his opinion shall be based on admissible evidence and the statutorily recognized discount rate.  Defendant's remaining objections involve such clear understandings of the law, such as preventing Plaintiff from arguing a heightened standard of negligence, as to have gained the ready acquiescence of Plaintiff.  Therefore, Defendant's motion *in limine* (Tab 101) is **GRANTED-IN-PART and DENIED-IN-PART.**

Plaintiff also has pending a motion *in limine*.  (Tab 58).  Plaintiff's motion seeks to bar any mention of Plaintiff's religious beliefs or prior drug use.  As such issues require a developed record to resolve them, the parties are directed not to mention the issues in front of the jury until an adequate foundation has been laid and ruled upon by the Court out of the presence of the jury.  Therefore, Plaintiff's motion *in limine* (Tab 58) is **GRANTED-IN-PART and DENIED-IN-PART.** Counsel are futher ordered to instruct their respective witnesses consistent with this order.

**SO ORDERED**, this __10th__ day of August, 2005, *Nunc pro tunc to July 18, 2005*.

/s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2