IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL LA CROIX, | : | |
| Plaintiff, | : | |
| vs. | : | 1:04-CV-1 (WLS) |
| SPEARS MATTRESS CO., ET. AL., | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court is Defendant Spears Mattress Company, Inc.'s (hereinafter "Spears") motion for partial summary judgment on Plaintiff's claim for punitive damages. (Tab 80). Also, pending is Spears' motion to continue (Tab 89) and Plaintiff's motion for a special setting. (Tab 94). As the trial calender on which Spears' sought a continuance and the case is presently scheduled for the August 2005 trial calender, Spears' motion for a continuance (Tab 89) and Plaintiff's request for a special setting (Tab 94) are **DENIED as moot.** For the following reasons, Spears' motion for partial summary judgment (Tab 80) is **DENIED.**

## BACKGROUND

The essential facts of this case are not in dispute. On October 23, 2001, Plaintiff was driving on Interstate 75 in Turner County, Georgia. On the same date and location, Defendant's driver, Gerald Jones, was driving a tractor trailer within the ordinary scope of his employment. A collision involving the two vehicles occurred. Plaintiff alleges that he was injured as a result of the collision and Gerald Jones died.

Plaintiff alleges that Jones was negligent in operating the tractor trailer and that Spears is liable under the doctrine of *respondeat superior.* Spears admits that Jones was acting within the scope of his employment, and by implication it is liable under the doctrine

1

of *respondeat superior* if Jones was negligent.

In Counts II and IV, Plaintiff alleges that Spears was negligent and therefore liable for punitive damages in its hiring, supervision, retention of Jones and in entrusting the vehicle to him. In particular, Plaintiff alleges that Spears knew of Jones' rear end collision with another vehicle in Florida in May 2000. Further, Plaintiff maintains Spears is liable because it failed to comply with its own procedures and applicable law in hiring, retaining and supervising Jones.

For a period of time Jones was employed by Spears as a driver. At some point, Jones left Spears and began driving tractor trailers for Ryder Integrated Logistics, which was hauling loads for Spears. In June 1998, Jones returned to work for Spears. An examination of Jones' motor vehicle report ("MVR") reveals that prior to being rehired by Spears, Jones had two moving violations. One violation occurred in 1995 for following too close, involving an accident with his personal vehicle. The second occurred in April 1998 and was for improper/erratic lane change while driving a commercial vehicle. The second violation involved an accident.

While employed by Spears in 1999, Jones was cited for violation of weight limits for a commercial vehicle, a non-moving violation. Jones reported to Spears that he received a citation in May 2000 for following too close as a result of a rear end accident involving Patrick Moriarty in Florida.

According to Spears, Jones told management that the accidents he was involved in were unavoidable. According to Plaintiff, Defendant's representative, Ed Spears, could not remember what Jones said about the accident. Further, it was established at Spears' deposition that the only MVR in Jones' personnel file was run the day after the accident in this case. Likewise, Jones admitted to Moriarty that he was at fault in the Florida accident.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. Fitzpatrick, 2 F.3d at 1116. If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial. Id. Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party. Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond,

3

summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

## ANALYSIS

Defendant has moved for summary judgment on Plaintiff's claim for punitive damages. Defendant argues that at worst the facts could support a finding of negligence, but not a finding of such disregard for the consequences to support a finding of punitive damages. In other words, Defendant is arguing for summary judgment on Plaintiff's separate claims for negligent retention, supervision, hiring and entrustment.

Defendant's motion is less than clear, but a close reading of the motion and an analysis of Georgia law reveals that Defendant is essentially combining two distinct arguments into one. Defendant is essentially arguing that as a matter of law Plaintiff has not established a *prima facie* case of negligent retention, supervision, hiring or entrustment. As a result of this contended failure to establish a *prima facie* case of one of these causes of action, Plaintiff is not entitled to seek, as a matter of law, punitive damages. Therefore, instead of concentrating on the elements of punitive damages, a proper analysis of Defendant's motion requires an analysis of the elements of the alleged torts in question **and** punitive damages.

Under Georgia law, in order to support a claim for negligent retention, supervision or hiring, the Plaintiff must show that Defendant "knew or *should have known* of the employee's dangerous propensities." Smith v. Tony Roberts Trucking, 209 Ga. App. 826, 829 (1993)(emphasis in original). As for negligent entrustment, "'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetence and recklessness.'" Cherry v. Kelly Services, Inc., 171 Ga. App. 235 (1984).

4

Essentially, Defendant makes two factual arguments in this regard. First, Defendant argues that as a matter of law the facts are insufficient to show that Jones had dangerous propensities. Second, that since Jones was not barred from driving commercially under federal law, he could not have dangerous propensities. Defendant points out that Jones only had three (3) moving violations in six years, and one of those violations was while he was operating a private vehicle. These violations did not prevent Jones from having a commercial driver's license. See, Federal Motor Carrier Safety Regulations, 49 C.F.R. § 391.11.

The problem with Defendant's argument is that these facts do not necessarily mean that Jones was a safe driver. In this case, the allegation is that Jones rear-ended Plaintiff which is the same allegation for which he received a citation in May 2000. Jones may not have been so unsafe to bar him from maintaining his commercial driver's license, but unsafe enough for his employer to consider taking some remedial action. In other words, Jones did not have to be *negligent per se* for Spears to have taken remedial action or to be on notice of Jones' alleged unsafe propensities. No matter, the question of whether Jones was a safe driver or not is a question for the jury, not a question for the Court on a motion for summary judgment. This is especially true when there is evidence in the record to show that besides three previous moving violations, at least two involved accidents in a commercial vehicle. If Plaintiff can establish such facts in front of a jury, then Jones' propensity for unsafe driving and Defendants' knowledge of it are questions for the jury.

Defendant did not argue in its first brief, that even if Plaintiff's assertion that Jones was unsafe is true, Spears acted reasonably in retaining, hiring and entrusting the vehicle to Jones. In its reply, Defendant argues that even with the knowledge of Jones' driving record it acted reasonably because Jones was not barred by Federal Regulations from maintaining a commercial driver's license. In the alternative, it argues that it was not on notice or had no reason to be on notice of any problems with Jones' driving record. As with its previous

5

argument, these arguments are for the jury and not the Court. Hutcherson v. Progressive Corp., 984 F.2d 1152 (11th Cir.1993)(factual disputes are for the jury to resolve).

If Plaintiff can produce admissible evidence tending to support his claims of negligent hiring, retention, supervision and entrustment, then the question of negligence is for the jury. The question of punitive damages is a subsequent question. Punitive damages may be awarded in tort actions where the Plaintiff proves "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). In Georgia, it is well settled that "negligence, even gross negligence, is inadequate to support a punitive damage award." Colonial Pipeline Co. v. Brown, 258 Ga. 115 (1988).

In a bifurcated trial, the jury will determine whether Spears was negligent. Upon proper interrogatories and instruction from the Court, the jury will be asked to determine whether a trial on punitive damages is warranted. As stated throughout the opinion, this question, as with the other questions, is well suited for a jury's determination. At this point, a genuine issue of facts exists to whether the claims of negligent retention, hiring supervision and entrustment exist so as not to warrant summary judgment. As the question of punitive damages is a question not even reached prior to determination of whether the initial claims have been adequately proved, the question is premature. Therefore, Defendant's partial motion for summary judgment (Tab 80) is **DENIED.**

**SO ORDERED**, this __10th__ day of August, 2005.

                /s/W. Louis Sands
                **W. LOUIS SANDS, CHIEF JUDGE**
                **UNITED STATES DISTRICT COURT**